UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

WALTER FERREIRO FLORES

CASE NO. 2:21-cr-49-JLB-NPM
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Access Device Fraud)

From on or about October 31, 2017, through on or about January 31, 2018, in the Middle District of Florida, and elsewhere, the defendant,

**WALTER FERREIRO FLORES,**

did knowingly, and with intent to defraud, use one or more unauthorized access devices, specifically, credit and debit card numbers issued to another person or persons, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2.

## COUNT TWO
(Aggravated Identity Theft)

On or about October 31, 2017, in the Middle District of Florida, and elsewhere, the defendant,

**WALTER FERREIRO FLORES,**

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, a debit card number issued to J.H. ending in 3203, during and in relation to a felony violation of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT THREE
(Aggravated Identity Theft)

On or about November 12, 2017, in the Middle District of Florida, and elsewhere, the defendant,

**WALTER FERREIRO FLORES,**

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, a debit card number issued to C.S. ending in 6202, during and in relation to a felony violation of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of a violation of 18 U.S.C. § 1029, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses and the amount involved in the offenses

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

             A TRUE BILL,

             _____
             Foreperson

KARIN HOPPMANN
Acting United States Attorney


By: _____
   Simon R. Eth
   Assistant United States Attorney


By: _____
   Jesus M. Casas
   Assistant United States Attorney
   Chief, Fort Myers Division

FORM OBD-34
June 21

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

WALTER FERREIRO FLORES

## INDICTMENT

Violations: 18 U.S.C. § 1029(a)(2) and 1028A(a)(1).

A true bill,

_____
Foreperson

Filed in open court this 16th day

of June, 2021.

_____
Clerk

Bail $

GPO 863 525